UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY OF WISCONSIN )<br>HOSPITAL AND CLINICS AUTHORITY, )<br>           )<br>     **Plaintiff,**  )<br>           )<br>v.                                          )<br>           )<br>AETNA LIFE INSURANCE COMPANY, )<br>AETNA HEALTH AND LIFE INSURANCE )<br>COMPANY, AETNA HEALTH )<br>INSURANCE COMPANY, and DOES 1-4 )<br>           )<br>     **Defendants.**  ) | Cause No. 3:14-CV-779 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Insurance Company (collectively "Aetna"), by its undersigned counsel, hereby move this Court to dismiss University of Wisconsin Hospital and Clinics Authority's ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION

In this denial of benefits case, Plaintiff alleges that it was a "third-party beneficiary" to an insurance contract between Aetna and Kelly J. Buckingham, an individual to whom Plaintiff provided medical services in March 2014. (Am. Compl. ¶¶ 8-15.) At the time of treatment, Buckingham was insured through her husband's employer Transcat, Inc. (the "Plan"), under the Employee Retirement Income Security Act ("ERISA"). (Am. Compl. ¶ 5; Ex. 1.)[1]

---

[1] The complaint alleges that Buckingham was insured by Aetna and provides a subscriber identification number, but does not provide any further elaboration. Buckingham's subscriber identification number is linked to the Transcat, Inc. insurance plan. Consequently, attached as Exhibit 1, is a copy of Transcat Inc.'s Benefit Plan Booklet, which explains the terms of the policy and evidences that it is an ERISA qualifying plan. *See* Ex. 1 at 99-101. It is proper for this Court to consider the Benefit Plan Booklet submitted with Aetna's motion because it summarizes the terms

Aetna allegedly denied payment on Buckingham's claims, explaining that Plaintiff failed to follow Aetna's precertification policy. (Am. Compl. ¶ 13.) As a result of Aetna's denial, Plaintiff filed a complaint alleging state law claims for breach of contract, breach of contract implied in fact, quasi contract and unjust enrichment, breach of implied covenant of good faith, and interest owed under Wisconsin Statute § 628.46. Because Plaintiff's claims could have been brought under ERISA § 502(a) and because these claims duplicate ERISA's civil enforcement remedy, they are completely preempted. Consequently, Plaintiff's complaint should be dismissed in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2014, Plaintiff filed an amended complaint[2] in the Dane County Circuit Court alleging state law claims of breach of contract, breach of contract implied in fact, quasi contract and unjust enrichment, breach of implied covenant of good faith, and interest owed under Wisconsin Statute § 628.46. (Am. Compl. ¶¶ 17-42.) According to the amended complaint, in March 2014, Kelly J. Buckingham was provided medical services by Plaintiff. (Am. Compl. ¶¶ 10-11.) During this time, Buckingham was insured by Aetna through her husband's employer, Transcat, Inc. (Am. Compl. ¶ 5; Ex. 1.)

After providing medical services to Buckingham, Plaintiff submitted its bills directly to Aetna. (Am. Compl. ¶ 12.) Under the terms of the Plan, Aetna will pay an in-network provider directly for claims properly submitted to Aetna. (Ex. 1 at 9.) Plaintiff alleges, however, that Aetna denied payment on Buckingham's claim because "precertification or authorization was not received in a timely fashion." (Am. Compl. ¶ 13.) Plaintiff further alleges that it subsequently

---

of Buckingham's insurance policy, which is referenced in and central to Plaintiff's complaint. *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."); *Moder v. L.E. Meyers Co.*, 589 F. Supp. 2d 1043, 1047 (W.D. Wis. 2008) (same).
[2] Aetna was never served with Plaintiff's original complaint.

2

submitted several unsuccessful appeals through Aetna's internal review process. (Am. Compl. ¶ 14.)

On November 13, 2014, Aetna removed the case to this Court on the basis of diversity jurisdiction.

### III. STANDARD OF LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint's request for relief must be 'plausible on its face.'" *Oak Brook Surgical Centre, Inc. v. Aetna, Inc.*, 863 F. Supp. 2d 724, 725 (N.D. Ill. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Dismissal of an action is warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

### IV. ANALYSIS

ERISA provides a "uniform regulatory regime over employee benefit plans" and "includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981) (internal citation omitted)). Under the complete preemption doctrine, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.* "[T]he preemptive force of ERISA is so powerful that it converts 'a state claim into an action arising federal law,' even if the plaintiff does not want relief under

3

ERISA." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 64 (1987)).

ERISA § 502(a)(1)(B) provides a cause of action for a beneficiary "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Davila*, the Court "established a two-part test for determining whether a state law claim falls within the scope of ERISA § 502(a) and should be recharacterized as a federal claim." *Conn. Gen. Life Ins. Co. v. Grand Ave. Surgical Ctr., Ltd.*, No. 13 C 4331, 2014 WL 151755, at *3 (N.D. Ill. Jan. 14, 2014). First, courts look to whether the plaintiff, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)" and second, whether "there is no independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. If both prongs are satisfied, then Plaintiff's claims are completely preempted by ERISA. *Id.* As discussed below, Plaintiff's claims satisfy both prongs and are completely preempted by ERISA.

### A. Plaintiff Could Have Brought Its Claims under ERISA 502(a)(1)(B)

Under the first prong, standing to bring a claim under § 502(a) is generally limited to a "participant" or "beneficiary." 29 U.S.C. § 1132(a)(1)(B). In turn, "ERISA defines a 'beneficiary' as a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *OSF Healthcare Sys. v. Contech Const. Prods. Inc. Grp. Comprehensive Health Care.*, No. 1:13-CV-1554, 2014 WL 4724394, at *2 (C.D. Ill. Sept. 23, 2014).

The Seventh Circuit has explained that a medical care provider can enjoy beneficiary status where it has been assigned plan benefits by the patient. *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 598 (7th Cir. 2008).

4

Here, Plaintiff alleges that it is a "third-party beneficiary" to the contract between Buckingham and Aetna. (Am. Compl. ¶ 6.) Because Plaintiff does not elaborate on its status, it is unclear from the complaint as to whether Plaintiff was assigned Buckingham's plan benefits.

It should be noted, however, that in two recent cases removed to this Court, Plaintiff used the same "third-party beneficiary" language in denial of benefits cases against Aetna. Univ. of Wis. Hosp. & Clinics, Inc. v. Aetna Life Ins. Co., No. 3:13-cv-172 (W.D. Wis. Mar. 8, 2013), ECF No. 1 Ex. 1 at ¶ 5; Univ. of Wis. Hosp. & Clinics, Inc. v. Aetna Life Ins. Co., No. 3:13-cv-197 (W.D. Wis. Mar. 26, 2013), ECF No. 1 Ex. 1 at ¶ 5. In the former case, Aetna moved to dismiss on the basis of complete preemption and the Parties subsequently stipulated to dismissal without prejudice. (Case No. 3:13-cv-172, ECF No. 4.)

In the latter case, the Parties stipulated to dismissal and the Plaintiff re-pled its claims under ERISA. (Case No. 3:13-cv-197, ECF Nos. 2, 6.) In its amended complaint, the Plaintiff admitted that it had been assigned the patient's plan benefits, and therefore, had standing under ERISA. (ECF No. 6 at ¶¶ 26-29). To this end, the Seventh Circuit has stated that "[a]rtful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court." *Franciscan Skemp*, 538 F.3d at 596. Here, as in the previous two cases, Plaintiff should not be allowed to plead around ERISA by attempting to conceal its beneficiary status.

Regardless of whether there has been an assignment, courts in this circuit have found that a medical provider can obtain beneficiary status where the terms of the insurance plan allow it to receive direct payment. For instance, in *OSF Healthcare*, the court found that where the terms of the insurance plan allowed for the provider to receive a direct payment, the provider had beneficiary standing under ERISA. 2014 WL 4724394, at *3. Likewise, the Plan at issue here

provides that "Aetna will directly pay the network provider" for qualifying medical services. (Ex. 1 at 9.) *Accord DeBartolo v. Plano Molding Co.*, No. 01 C 8147, 2002 WL 1160160, at *1 (N.D. Ill. May 29, 2002) (holding that despite a non-assignability clause, the plan's allowance for direct payment was enough to confer provider with standing under ERISA); *Hosp. Grp. of Ill., Inc. v. Cmty. Mut. Ins. Co.*, No. 94 C 1351, 1994 WL 714598, at *2 (N.D. Ill. 1994) (same).

Similarly, courts have found that where it is unclear as to whether there has been an assignment of benefits, a provider has standing when it holds itself out as a beneficiary by submitting bills directly to the insurer. *See, e.g.*, *OSF Healthcare Sys.*, 2014 WL 4724394, at *3; *Emerus Hosp. Partners, LLC v. Health Care Servs. Corp.*, -- F. Supp. 2d ---, 2014 WL 1715516, at *3 (N.D. Ill. Apr. 29, 2014) (finding that provider had standing where it held itself out as an assignee of the beneficiary to the insurer); *Spring E.R, LLC v. Aetna Life Ins. Co.*, No. H-09-2001, 2010 WL 598748 (S.D. Tex. Feb. 17, 2010) (same). Here, Plaintiff repeatedly held itself out as a beneficiary by submitting bills directly to Aetna and by pursuing payment through Aetna's internal appeals process. (Am. Compl. ¶¶ 12, 14.) Allowing Plaintiff "to hold itself out as an assignee of ERISA benefits such that it could receive direct payments from insurance companies, but escape ERISA entirely when attempting to collect these payments, simply by stating that it never actually received such assignments . . . [would] be illogical and run contrary to the interests of justice." *Emerus Hosp. Partners*, 2014 WL 1715516, at *3 (quotation and citation omitted).

In sum, Plaintiff has beneficiary standing under ERISA because the Plan provides for direct payment to Plaintiff and because Plaintiff has held itself out as a beneficiary by submitting bills directly to Aetna. Moreover, Plaintiff's attempt to plead around ERISA through use of "third-party beneficiary" language should be rejected as the Plaintiff has used this language in

6

two previous cases against Aetna, and in both cases the Plaintiff subsequently stipulated to dismissal of its state law claims.

### B. Aetna's Actions Do Not Implicate an Independent Legal Duty

Under the second prong, courts are directed to look at "whether interpretation of the benefit plan forms an essential part of the plaintiff's state law claim (if it does, then the duty is not independent of the plan and preemption still applies)." *Dreczka v. Hartford Life and Acc. Ins. Co.*, No. 10-C-0002, 2013 WL 1148899, at *2 (E.D. Wis. Mar. 19, 2013). Here, Aetna's actions do not implicate an independent legal duty.

Plaintiff seeks to recover benefits for a claim it asserts was wrongfully denied. (Am. Compl. ¶¶ 13-15.) The Seventh Circuit has stated that "claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall [] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 638 (7th Cir. 2004) (quoting *Taylor*, 481 U.S. at 62-63); *see Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 957 (7th Cir. 2004) ("ERISA provides a remedy for plan participants wrongfully denied benefits. However, such claims must be brought under ERISA and creatively pleading a denial of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA."). Because Plaintiff has simply brought a wrongful denial of benefits claim and attempted to recast it under various state law theories of liability, the second prong of *Davila* has been satisfied.

To elaborate, all of Plaintiff's state law claims are derived from and based entirely on Aetna's alleged obligations under the Plan and Plaintiff's expectation for compensation because it fulfilled obligations under the Plan. (*See, e.g.*, Am. Compl. ¶¶ 18-21.) Where this is the case, courts have repeatedly found that the state law claims were completely preempted. *See Vallone*,

375 F.3d at 638 ("Recent decisions of both this circuit and the Supreme Court have held that state law claims, such as plaintiff's breach of common law contract claim here, are pre-empted by ERISA."); *Spring E.R.*, 2010 WL 598748, at *5 (breach of implied contract was preempted because the "Court would necessarily refer to the ERISA plans at issue" to determine the provider's rights); *Maatman v. Lumbermens Mut. Cas. Co.*, No. 09 C 5929, 2010 WL 415384, at *5 (N.D. Ill. Jan. 28, 2010) (unjust enrichment claims are preempted where they rely on the existence of an ERISA plan); *Raneda v. Aurora Healthcare, Inc.,* 2006 WL 1728102, *2–3 (E.D. Wis. June 22, 2006) (finding bad faith claim preempted by ERISA).

In sum, each of Plaintiff's state law claims relies on interpretation of the Parties' obligations under the Plan, and therefore, duplicates ERISA's civil enforcement remedy. Consequently, Plaintiff's claims are completely preempted, and its state law claims should be dismissed with prejudice.

## V.     CONCLUSION

For the reasons stated herein, Aetna respectfully requests that this Court enter an order dismissing Plaintiff's complaint in its entirety with prejudice, and awarding Aetna such other and further relief that this Court deems just and equitable, including, but not limited to, an award of its reasonable attorneys' fees and costs.

Dated this 4th day of December, 2014.            Respectfully submitted,

Aetna Life Insurance Company, Aetna
Health and Life Insurance Company, and
Aetna Health Insurance Company

By: */s/ Jeffrey C. Clark*_____
    One of their attorneys

**MCGUIREWOODS LLP**
Jeffrey C. Clark (*admitted pro hac vice*)
jclark@mcguirewoods.com

Brett W. Barnett (*admitted pro hac vice*)
bbarnett@mcguirewoods.com
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
P: 312-750-2781
F: 312-698-4543


**GODFREY & KAHN S.C.**
Todd G. Smith
tsmith@gklaw.com
Mark W. Hancock
mhancock@gklaw.com
One East Main Street
Suite 500
Madison, WI 53701-2719
P: 608-257-3911
F: 608-257-0609