IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNIVERSITY OF WISCONSIN
HOSPITALS AND CLINICS AUTHORITY,

              Plaintiff,                                Case No.: 14-CV-779

vs.

AETNA LIFE INSURANCE COMPANY,
AETNA HEALTH AND LIFE INSURANCE
COMPANY, AETNA HEALTH INSURANCE
COMPANY, and DOES 1-4,

              Defendants.

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff University of Wisconsin Hospitals and Clinics Authority ("UWHCA") opposes the Defendants' Motion for Summary Judgment, and relies on its Brief in Support of Motion for Summary Judgment, filed as docket number 23, in addition to the authority discussed herein.

## II. ARGUMENT

### A. UWHCA AGREES THAT ERISA CONTROLS

ERISA § 502(a)(1)(B) provides a cause of action for a beneficiary to recover benefits due under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B.) UWHCA agrees with the Defendants that the Plan at issue is an ERISA plan and that ERISA controls.

The effect of this matter being governed by ERISA does not definitively provide for summary judgment in favor of the Defendants. It merely instructs as to which set of statutes, case laws and legal principles govern our matter.

1

B. UWHCA HAS STANDING TO SUE UNDER THE PLAN EVEN WITHOUT AN
ASSIGNMENT

ERISA § 502(a)(1)(B) provides a cause of action for a beneficiary "to recover benefits due to

him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his

rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Defendants dispute UWHCA's standing to bring a direct claim against the plan because of

the nonassignment clause. This Court's sister districts have held nonassignment clauses do not

preclude a provider from bringing a direct claim against the plan where the plan allows for direct

payment for its services from the plan. For instance, in OSF Healthcare, the court found that where

the terms of the health and welfare plan allowed for the provider to receive a direct payment, the

provider had beneficiary standing under ERISA. OSF Healthcare System v. Contech Construction

Products Inc. Group Comprehensive Health Care, No 1:13-cv-01554-SLD-JEH, 2014 U.S. Dist.

LEXIS 133186, 2014 WL 4724394 at *3 (C.D. Ill., Sept. 23, 2014).

> An ERISA plan "participant" or "beneficiary" may sue to recover benefits due to him, to enforce his
> rights, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).
> ERISA defines a "beneficiary" as a person designated by a participant, or by the terms of an employee
> benefit plan, who is or may become entitled to a benefit thereunder. Id. § 1002(8). The Seventh Circuit
> has held that a medical services provider suing as an assignee of a participant has standing as a
> "beneficiary." Kennedy v. Connecticut Gen. Life Ins. Co., 924 F.2d 698, 700 (7th Cir. 1991). To satisfy
> standing, the would-be beneficiary need only have a "colorable claim to benefits" under the plan. Id.
> "Only if the language of the plan is so clear that any claim as an assignee must be frivolous is
> jurisdiction lacking." Id. Under this standard, even where the plan's terms prohibit assignment without
> its consent, "the possibility of direct payment" to the provider suffices to state a colorable claim. Id. at
> 701. This standard sets a "low threshold" for standing: even where the merits of the claim are weak,
> the mere possibility of success establishes beneficiary standing to sue. See Neuma, Inc. v. AMP, Inc., 259
> F.3d 864, 878-79 (7th Cir. 2001)(quoting Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 790 (7th
> Cir. 1996)).

OSF Healthcare Sys. v. Contech Constr. Prods. Group Comprehensive Health Care, 2014 U.S. Dist. LEXIS

133186, *6-7, (C.D. Ill. Sept. 23, 2014).

The Plan terms explicitly read: "Aetna will directly pay the network provider less any cost

sharing required by you." (Pl.'s Resp. to Def.'s Proposed Findings of Fact (Pl. Resp. to PFOF) ¶ 16.)

Consequently, Plaintiff's ability to receive direct payment under the terms of the Plan confers standing to UWHCA to enforce Kelly Buckingham's benefits claim directly against the Plan regardless of an assignment of claims. Accord DeBartolo v. Plano Molding Co., No. 01 C 8147, 2002 WL 1160160, at *1 (N.D. Ill. May 29, 2002) (holding that despite a non-assignability clause, the plan's allowance for direct payment was enough to confer provider with standing under ERISA); Hosp. Grp. of Ill., Inc. v. Cmty. Mut. Ins. Co., No. 94 C 1351, 1994 WL 714598, at *2 (N.D. Ill. 1994) (same).

### C. AETNA'S DENIAL OF BENEFITS WAS ARBITRARY AND CAPRICIOUS

Kelly Buckingham is entitled to benefits under her Plan; she has a colorable claim that (1) she will prevail in a suit for benefits, or that (2) her eligibility requirements will be fulfilled in the future. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-118 (1989). Ms. Buckingham received valuable medical services, and although the Plan claims that Ms. Buckingham will never be billed directly for those services, UWHCA would bill Ms. Buckingham directly. (PPFOF ¶ 11.) If UWHCA did bill Ms. Buckingham directly, she would have a claim against Aetna.

Aetna's denial of benefits was downright unreasonable because Aetna (1) ignored the fact that Ms. Buckingham would be entitled to benefits under the plan;[1] (2) never articulated a legitimate reason for its denial, and (3) interpreted its policy in an unreasonably contradictory manner.

Aetna initially denied paying the charges because of a concern that the charges submitted by UWHCA were duplicates. They were not duplicates, and that fact is not in dispute.

The Plan provides that Aetna will review all denied claims for benefits. (Pl. Resp. to PFOF ¶ 17.) Aetna has the discretionary authority to determine whether members are eligible for benefits

---

[1] The plan provides that the expenses would not be covered if, had precertification been requested, the services would not have been covered under a different provision of the Plan. (PPFOF ¶ 11.) Aetna has not taken the position that Ms. Buckingham's services would not be covered had it been precertified. However, since Aetna undertook no medical necessity review, whether the expenses would have been covered had it been precertified is a proper decision for the plan administrator to determine on remand.

and to construe the terms of the plan. (Id.) But there is no Plan term that specifically provides for a strict denial of benefits when there is a concern the bill from a provider is a duplicate and the provider does not contact Aetna to remedy the concern within 7 days. (Pl. Resp. to PFOF ¶ 16.) If the Plan "intended to impose such a strict process on its network providers, with draconian penalties for failing to follow it, one would expect to find a statement to that effect somewhere in the plan document. *See Univ. of Wis. Hosp. & Clinics, Inc. v. Kraft Foods Global, Inc. Group Benefits Plan*, 28 F. Supp. 3d 833 (W.D. Wis. 2014).

In addition, Aetna's denial is unreasonable in that in response to UWHCA's repeated appeals and requests for reconsideration, Aetna did not explain the basis for the denial with any particularity. In response to each appeal by UWHCA, Aetna responded by declaring that the refusal was due to "failure to follow Aetna contractual notification requirements." (PPFOF ¶¶ 25, 32.) Among the factors a court considers in evaluating whether a denial was arbitrary and capricious is whether the claimant is afforded adequate process, and the quality of the fiduciary's reasoning. *See Chalmers v. Quaker Oats Co.*, 61 F.3d 1340, 1344 (7th Cir. 1995).

Nowhere in the denial letters did Aetna point to a contractual provision in the Plan, or between UWHCA and the Plan, that precluded a network provider from correcting an error in notification after the denial of benefits. Nor did Aetna provide a policy reason for why providers should be subject to such strict requirements for valid charges amounting to over $250,000. Further, Aetna's response that the denial was due to failure to follow Aetna contractual notification requirements offers no explanation for Aetna's refusal to conduct a medical necessity review.

### D. AETNA IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS

29 U.S.C. § 1132(g)(1) allows "a court in its discretion [to] award fees and costs to either party . . . as long as the fee claimant has achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010)(internal citations omitted).

There are two tests under Seventh Circuit case law for analyzing whether attorney's fees and costs should be awarded in an ERISA case:

> The first test looks at the following five factors: 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. The second test looks to whether or not the losing party's position was substantially justified. In any event, both tests essentially ask the same question: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent? In determining whether the losing party's position was 'substantially justified,' the Supreme Court has stated that a party's position is justified to a degree that could satisfy a reasonable person.

*Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wis., Inc.*, 657 F.3d 496, 505-06 (7th Cir. 2011).

A reasonable person would not conclude that it is unjustified to pursue payment of benefits when benefits are denied, despite repeated requests for payment, the submission of medical records, clinical notes and letters from treating physicians, where the denial does not give a reasonable basis to deny.[2]

## E. REMAND TO THE PLAN IS APPROPRIATE

While UWHCA's complaint requested payment of benefits, UWHCA concedes that the appropriate remedy in this case would be remand back to the plan administrator, to determine whether Ms. Buckingham's treatment was medically necessary and covered under the Plan. "When an ERISA plan administrator's benefits decision has been arbitrary, the most common remedy is a

---

[2] Defendant cites to a dozen cases where UWHCA filed legal actions against either Aetna or Plans for which Aetna acts as an administrator to show that an award of attorneys' fees would deter UWHCA from filing future claims. However, such a deterrent effect would be a miscarriage of justice when UWHCA would otherwise prevail in such litigation. UWHCA did prevail in benefits litigation against Kraft previously, where the Court held that Aetna, acting as plan administrator, denied benefits contrary to the terms of the Plan. *See University of Wisconsin Hospital and Clinics, Inc. v. Kraft Foods Global, Inc. Group Benefits Plan*, 3:13-cv-00568-jdp (2014). A deterrent effect would see UWHCA walking away from pursuing benefits claims that the Plan unreasonably denied and should have paid.

remand for a fresh administrative decision rather than an outright award of benefits." *Holmstrom v. Metro Life Ins. Co.*, 615 F.3d 758, 778 (7th Cir. 2010); *see also Majeski v. Metro. Life Ins. Co.*, 590 F.3d 478, 484 (7th Cir. 2009)("When a plan administrator fails to provide adequate reasoning for its determination, [the] typical remedy is to remand to the plan administrator for further findings or explanations.").

## III. CONCLUSION

For the reasons stated above, Plaintiff requests the Court deny the Defendants' Motion for Summary Judgment, grant summary judgment in favor of UWHCA as described in UWHCA's motion, and remand back to the Plan for a medical necessity review.

Dated this 7th day of August, 2015.

> NEUBERGER, GRIGGS, SWEET
> & SMITH, LLP
> Attorneys for Plaintiff University of
> Wisconsin Hospitals and Clinics Authority
>
> By           /s/ Nicole N. Schrier
> Mark S. Sweet, SB No. 1019001
> Nicole N. Schrier, SB No. 1081908
> 136 Hospital Drive
> Watertown, WI 53098
> (920) 261-1630
> FAX: (920) 261-0339
> Email: nschrier@nlgslaw.com