UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY OF WISCONSIN<br>HOSPITAL AND CLINICS AUTHORITY,<br><br>                Plaintiff,<br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>AETNA HEALTH AND LIFE INSURANCE<br>COMPANY, AETNA HEALTH INSURANCE<br>COMPANY, and DOES 1-4,<br><br>                Defendants. | Case No.: 3:14-CV-779 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Aetna Life Insurance Company ("Aetna"), Aetna Health and Life Insurance Company, and Aetna Health Insurance Company,[1] by its undersigned counsel, submit this Reply Memorandum in Support of its Motion for Summary Judgment against the University of Wisconsin Hospitals and Clinics Authority ("Plaintiff").

**INTRODUCTION**

In its opening brief, Aetna demonstrated that summary judgment should be granted in its favor because: (1) Plaintiff's claims are completely preempted by the Employee Retirement Income and Security Act of 1974 ("ERISA"); (2) Plaintiff lacks standing to pursue its claims; and (3) Aetna's denial of benefits was not arbitrary and capricious. (Docket # 27 at 4-16). In response to Aetna's well-founded arguments, Plaintiff first attempts to argue—without support

---

[1] Aetna Life Insurance Company provided the insurance coverage at dispute in this litigation and is responsible for the denial of benefits. (Defendants' Reply to Proposed Findings of Fact ("DRPFF") ¶ 5). Aetna Health and Life Insurance Company and Aetna Health Insurance Company did not provide insurance benefits to K.B. and were not involved in the benefits determination for the Hospital's claim for the services provided to K.B. Because Aetna Health and Life Insurance Company and Aetna Health Insurance Company were improperly included as defendants, summary judgment should be granted in their favor.

or citation to any case law—that ERISA preemption does not form a basis for summary judgment notwithstanding the fact that Aetna cited to multiple cases supporting this exact proposition in its opening brief. (Pl.'s Resp. at 1).

Second, Plaintiff concedes that its assignment from K.B. was ineffective due to the health benefits plan's (the "Plan") anti-assignment clause, but argues that it nevertheless has standing because it is allowed to receive direct payment from the Plan. (Pl.'s Resp. at 2-3). This argument has been repeatedly rejected by courts in this circuit, which have explained that a provider's ability to receive direct payment does not confer it with standing when the plan also contains an anti-assignment clause. *See, e.g.*, *OSF Healthcare Sys. v. Weatherford*, No. 10-1400, 2012 WL 996900, at *5-6 (C.D. Ill. Mar. 23, 2012); *Zhou v. Guardian Life Ins. Co. of Am.*, No. 01C4816, 2001 WL 1631868, at *2 (N.D. Ill. Dec. 17, 2001). Furthermore, Plaintiff's argument squarely contradicts its argument in its motion for summary judgment that it has standing to sue the Plan under ERISA because of its assignment of benefits. (Docket # 23 at 5).

Third, Plaintiff's contention that Aetna's denial of benefits was arbitrary and capricious in unfounded as the administrative record shows that the denial was based on a reasonable interpretation of the Plan and the evidence and took the relevant factors into consideration. Accordingly, Aetna respectfully requests that this Court enter an order grant summary judgment in its favor.

## ANALYSIS

### I. The Hospital's Claims are Preempted by ERISA

Plaintiff does not dispute that the Plan is governed by ERISA and that "ERISA controls" the outcome of this case. (Pl.'s Resp. at 1). Instead, Plaintiff summarily argues that "[t]he effect of this matter being governed by ERISA does not definitively provide for summary judgment in

favor of" Aetna, but rather only instructs which legal principles apply. *Id.* Plaintiff's argument is without merit. As a preliminary matter, Plaintiff fails to cite to any legal authority in support of its contention that ERISA preemption is not a valid basis for summary judgment, and accordingly, this Court should find Plaintiff's argument waived. *United States v. Thornton,* 642 F.3d 599, 606 (7th Cir.2011) (undeveloped and unsupported arguments may be deemed waived); *Thompson v. Boggs*, 33 F.3d 847, 856 (7th Cir. 1994) ("Once again, [plaintiff's] allegation fails to cite any legal authority in support of his argument . . . . Therefore, [plaintiff] has waived the argument.").

Furthermore, as Aetna pointed out in its opening brief, courts in this Circuit have repeatedly granted motions for summary judgment on the basis of ERISA preemption. (Docket # 27 at 5 (citing *DeBartolo v. Plano Molding Co.*, No. 01 C 8147, 2002 WL 31027963, at *2 (N.D. Ill. Sept. 10, 2002); *Miller v. Magnetek*, 334 F. Supp. 2d 1104, 1110 (E.D. Wis. 2004); *Tesch v. Gen. Motors Corp.*, 685 F. Supp. 1084, 1086 (E.D. Wis. 1988)). Because Plaintiff concedes that its claims are completely preempted by ERISA and because courts have repeatedly held that ERISA preemption provides a basis for summary judgment, Aetna respectfully requests that this Court enter an order granting summary judgment in favor of Aetna. *See DeBartolo v. Health & Welfare Dep't of Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 1:09-CV-0039, 2010 WL 3273922, at *10 (N.D. Ill. Aug. 17, 2010) (holding that the plan was entitled to summary judgment on plaintiff's state law claims because they were preempted by ERISA); *Kannapien v. Quaker Oats Co.*, 433 F. Supp. 2d 895 (N.D. Ill. 2006) (concluding "[t]his [state law] claim is preempted and I grant defendants' motion for summary judgment.").

## II. The Plan's Restriction on Assignment Prohibits the Hospital From Pursuing Its ERISA Claims

Plaintiff implicitly concedes that its assignment from K.B. was ineffective due to the Plan's anti-assignment clause, but contends that it nevertheless has standing under ERISA because the Plan allows for it to receive direct payment.[2] (Pl.'s Resp. at 2; *see* DRPFF ¶¶ 15, 38). Courts in this circuit have consistently rejected Plaintiff's exact argument, holding that a healthcare provider does not have standing under ERISA despite receiving direct payment where the plan contains an anti-assignment clause.

The Seventh Circuit has explained that ERISA limits the entities eligible to sue under 29 U.S.C. § 1132(a) to participants, beneficiaries and fiduciaries. *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997). The Seventh Circuit has also expressly stated that healthcare providers such as Plaintiff are not direct beneficiaries under ERISA, but can become beneficiaries upon receipt of a valid assignment. *Decatur Mem'l Hosp. v. Conn. Gen. Life Ins. Co.*, 990 F.2d 925, 927 (7th Cir. 1993) (explaining that the hospital's "status as a provider of medical care enables it to escape the limitation on [who can bring] claims under ERISA," but that a healthcare provider can become an ERISA beneficiary by virtue of an assignment of benefits); *see Univ. of Wis. Hosp. & Clinics Auth. v. Sw. Catholic Health Net. Corp.*, 2015 WL 402739, at *3 (W.D. Wis. Jan. 28, 2015) ("The Seventh Circuit holds that patients can assign their right to benefits to healthcare providers, ***who then become 'beneficiaries'*** for purposes of ERISA.") (emphasis added) (citing *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991)).

"Because ERISA instructs courts to enforce strictly the terms of plans, an assignee cannot *collect* [i.e., succeed on the merits of an ERISA denial of benefits claim] unless he establishes

---

[2] Plaintiff makes this argument despite the fact it contended in its summary judgment brief that it had standing under ERISA precisely because it had a valid assignment from K.B. (*See* Docket # 23 at 5).

that the assignment comports with the plan." *Kennedy*, 924 F.2d at 700 (emphasis in original) (citing *Central States, Se & Sw Areas Pension Fund v. Gerber Truck Srv. Inc.*, 870 F.2d 1148 (7th Cir. 1989) (in banc) (concluding that under ERISA "a plan may enforce the writings according to their terms")). Accordingly, if Plaintiff "can sue at all on some of the claims at issue in this case, it is through assignments, and *Kennedy* instructs district courts to allow such claims only where the assignments comply strictly with the terms of the applicable plans." *Neurological Res., P.C. v. Anthem Ins. Co.*, 61 F. Supp. 2d 840, 844-46 (S.D. Ind. 1999) (granting summary judgment on plaintiffs' ERISA-preempted state law claims where plan contained both direct payment and anti-assignment provisions). Consequently, Plaintiff's standing to sue the Plan under ERISA was dependent upon it having a valid assignment. Because Plaintiff apparently concedes that its assignment was invalid, Plaintiff lacks standing under ERISA.

Plaintiff's argument that it can bring an ERISA claim notwithstanding the Plan's anti-assignment clause has consistently been rejected by courts in this circuit. *See, e.g.*, *Weatherford*, 2012 WL 996900, at *5-6 (holding that plaintiff was barred from pursuing its ERISA claims because the plan contained an anti-assignment even though the plan contained provision allowing for direct payment to provider); *Health & Welfare Dept.*, 2010 WL 3273922 at *4 (holding that because "the language of the Plan operates to prohibit assignments of benefits of all types of claims," the provider lacked standing under ERISA even though the plan had made direct payment to the provider); *Zhou*, 2001 WL 1631868, at *2 (dismissing plaintiff's ERISA claims because the plan contained an anti-assignment clause and rejecting plaintiff's argument that defendant waived enforcement of the anti-assignment clause by making payments directly to the provider); *Parkside Lutheran Hosp. v. R.J. Zeltner Assoc., Inc. ERISA Plan*, 788 F. Supp.

5

1002, 1004 (N.D. Ill. 1992) (granting defendant's motion to dismiss ERISA claim because the provider's assignment was invalid in light of the plan's anti-assignment clause even though the plan also allowed for direct payment to the provider).

Furthermore, Plaintiff's reliance on *OSF Healthcare Sys. v. Contech Const. Prods. Inc. Grp. Comprehensive Health Care*, No. 1:13-cv-01554, 2014 WL 4724394, at *3 (C.D. Ill. Sept. 23, 2014) is misplaced as the court there found that the plaintiff had beneficiary status under ERISA because the plan ***did not*** contain an anti-assignment clause. Contrary to the instant dispute, in *Contech* the plan contained a provision stating that "[b]enefits for medical expenses covered under this Plan may be assigned by a Plan participant to the provider; however, if those benefits are paid directly to the employee, the Plan will be deemed to have fulfilled its obligation with respect to such benefits." *Id.* Because the Plan contains an anti-assignment clause and does not contain a provision tying direct payment of benefits and a valid assignment, *Contech* is inapposite. Consequently, because Plaintiff lacks standing under ERISA, Aetna respectfully requests that this Court enter an order granting summary judgment in its favor for this additional reason.

### III. Aetna's Denial of Benefits Was Not Arbitrary and Capricious

Plaintiff's argument that Aetna's denial of benefits was arbitrary and capricious is unsupported by the administrative record or relevant case law. As Aetna explained in its opening brief, the Plan's precertification provisions explain that expenses are not covered if precertification is requested and denied. (DRPFF ¶ 14). Here, Aetna denied Plaintiff's request for precertification explaining that it was a "possible duplicate request" and asking the Hospital to "please call Aetna for any readmissions within 7 days of previous inpatient stay."[3] (DRPFF ¶ 23). Because Plaintiff's precertification request was denied and because the Plan states that

---

[3] Notably, Plaintiff now admits that its request for precertification was denied. (*See* DRPFF ¶¶ 23, 28, 30).

expenses are not covered where precertification is denied, Aetna's denial of benefits was a reasonable interpretation of the terms of the Plan and evidence. *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1149 (7th Cir. 1998) (affirming administrator's denial of benefits and explaining that the court should "accept any reasonable interpretation which [the administrator] gives a plan term").

Rather than challenge Aetna's interpretation of the evidence and Plan or explain how this interpretation was improper, Plaintiff resorts to arguing that the absence of a specific provision stating that benefits can be denied where there is a concern about duplicate requests in itself establishes that Aetna's denial was arbitrary and capricious. (Pl.s' Br. 3-4). Plaintiff's argument is wholly unsupported by case law.[4] Under the arbitrary and capricious standard—which Plaintiff concedes applies (DRPFF ¶ 17)—Aetna simply needed to make its determination "based on a reasonable interpretation of the plan documents." *See Mers v. Marriott Int'l Group Accidental Death & Dismemberment Plan*, 144 F.3d 1014, 1022 (7th Cir. 1998) (affirming denial of benefits where administrator's denial was based on a reasonable interpretation of the plan documents). Furthermore, under this standard, the court's review is limited to the administrator's "interpretation of the Plan, not the Plan language." *Carr v. Gates Health Care Plan*, 195 F.3d 292, 295 (7th Cir. 1999).

The Seventh Circuit has explained that an ERISA denial of benefits case "is a contract case and the language of the benefit plan controls." *Loyola Univ. of Chi. v. Humana Ins. Co.*, 996 F.2d 895, 903 (7th Cir. 1993) (affirming denial of benefits because the plain language of the plan stated that "no benefits are payable without prior approval" and it was undisputed that

---

[4] Plaintiff also challenges the fact that its claim was denied because there was a concern of there being a duplicate request even though the claim was not a duplicate request. (Pl.'s Resp. at 3). Plaintiff's contention misses the point. Aetna denied precertification because it was a possible duplicate request and instructed Plaintiff to contact Aetna for any readmissions within seven days. (DRPFF ¶ 23). It is undisputed that Plaintiff was previously discharged from the hospital on February 28, 2014 and readmitted five days later on March 5, 2014. (DRPFF ¶¶ 19-20).

plaintiff failed to obtain prior approval). As stated above, the Plan states that expenses are not covered when precertification has been denied. (DRPFF ¶ 14). This provision does not contain any limiting language or exceptions concerning specific types of precertification denials. *Id.* Because Aetna denied Plaintiff's request for precertification, the plain language of the Plan states that expenses are not covered. (DRPFF ¶¶ 14, 23). Accordingly, Aetna's denial of benefits was based on a reasonable interpretation of the Plan and Plaintiff has failed to meet the arbitrary and capricious standard. *Carr*, 195 F.3d at 296-97 (affirming denial of benefits because the administrator's decision was based on a reasonable interpretation of the plan and explaining that "the language of the [p]lan controls as does the [administrator's] ruling as long as it is reasonable."); *Rekowski v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 1040, 1049 (W.D. Wis. 2006) (affirming denial of benefits because administrator based its decision on a reasonable interpretation of the plan and explaining that under the arbitrary and capricious standard, "[i]f a plan administrator's interpretation is reasonable, the fact that plaintiff argues for an equally reasonable interpretation is not a valid grounds for overturning the administrator's decision.").

Plaintiff's reliance on *Univ. of Wis. Hosp. & Clinics, Inc. v. Kraft Foods Global, Inc. Group Benefits Plan*, 28 F. Supp. 3d 833 (W.D. Wis. 2014) is misleading and the quoted passage is inapposite. In *Kraft*, the defendant's proposed interpretation of the plan was dependent upon the court drawing a negative inference to conclude that the absence of a provision concerning a difference in payment obligations between in-network providers and out-of-network providers supported the plan's denial of benefits. *Id.* at 841. The court rejected this argument, explaining that the plain language of the plan did not support the limitation sought by the defendant. *Id.* Here, by contrast, Aetna's benefits determination is based on the affirmative terms of the Plan,

which states that expenses are not covered if precertification has been requested and denied. (DRPFF ¶ 14).

Furthermore, Aetna's appeal denial letters satisfies ERISA's specific reason requirements. The Seventh Circuit has explained that "[a] satisfactory explanation is one that gives 'the specific reasons for the denial,' but it need not explain 'the reasoning behind the reasons, . . . [that is,] the interpretive process that generated the reason for denial." *Herman v. Cent. States, Se & Sw Areas Pension Fund*, 423 F.3d 684, 693 (7th Cir. 2005). Aetna's appeal denial letters each explain that "[c]overage for these services has been denied due to failure to follow contractual notification requirements." (DRPFF ¶¶ 31, 37). This satisfies ERISA's procedural requirements and Aetna was not required to provide the reasoning behind its determination that Plaintiff failed to follow this Plan provision. *See Militello v. Cent. States Se & Sw Areas Pension Fund*, 209 F. Supp. 2d 923, 931-32 (N.D. Ill. 2002) (finding the specific reasoning requirement satisfied because the administrator explained that benefits were not payable if plaintiff engaged in prohibited employment, which plaintiff had done).

Aetna's explanation that Plaintiff failed to follow the Plan's notification requirements also sufficiently notified Plaintiff that the denial of benefits was based on the Plan's precertification terms. (DRPFF at ¶¶ 31, 37); *see Reimann v. Anthem Ins. Cos., Inc.*, No. 1:08-cv-0830, 2008 WL 4810543, at *28 (S.D. Ind. Oct. 31, 2008) ("the court finds that by informing [plaintiff] that her claim was denied as not medically necessary, and referring her to the Healthcare Certificate, [defendant] substantially complied with the requirement that it refer to the plan provision on which its determination was based.").

Plaintiff's contention that Aetna's denial was arbitrary and capricious because it failed to cite a Plan provision precluding Plaintiff from re-attempting to obtain precertification is illogical

9

and unsupported by the administrative record.  Simply put, there is no evidence indicating that Aetna told Plaintiff that it was unable to re-attempt precertification or that Plaintiff ever re-attempted precertification.  To the contrary, Plaintiff admits that it simply did not notice the precertification denial.  (DRPFF ¶ 24).  Consequently, Plaintiff's contention is unfounded.

Because Aetna's denial of benefits was based on a reasonable interpretation of the Plan and evidence, Aetna respectfully requests that this Court enter an order granting summary judgment in its favor.

### IV.     Aetna Is Entitled to Attorneys' Fees and Costs

Plaintiff argues that Aetna is not entitled to recover its attorney's fees and costs because it was justified in pursuing this litigation.  (Pl.'s Br. at 4-5).  Plaintiffs' argument is unfounded as the administrative record shows that it lacked any factual basis for its claims.  As explained above, it is undisputed that Plaintiff's request for precertification was denied.  Further, it undisputed that the Plan states that expenses are not covered where a request for precertification was denied.  (DRPFF ¶¶ 13, 23, 24, 28).  Plaintiff has not challenged these facts or presented any evidence to show that its claim was factually or legally supported.  *Lundsten v. Creative Cmty. Living Servs., Inc. Long Term Disability Plan*, No. 12-c-108, 2015 WL 1143114, at *2-3 (E.D. Wis. Mar. 13, 2015) (holding that defendant was entitled to award of attorney's fees under § 1132(g)(1) because plaintiff's contention was without factual or legal support).

Moreover, awarding Aetna its attorney's fees and costs would not be a "miscarriage of justice" as Plaintiff contends.  (Pls. Br. at 5 n.2).  As was the case in *Debarolo v. Health & Welfare Dept. of the Const. and Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 09 CV 0039, 2011 WL 1131110, at *1-2 (N.D. Ill. Mar. 28, 2011), an award of attorneys' fees and costs

in this dispute would merely serve to deter Plaintiff from filing cases where there is a complete lack of factual and legal support for its claims.

## CONCLUSION

For the reasons stated herein, as well as for the reasons stated in the Aetna's Memorandum in Support of its Motion for Summary Judgment, Aetna respectfully requests that this Court enter an order granting summary judgment in its favor in its entirety, and awarding Aetna such other and further relief that this Court deems just and equitable, including, but not limited to, an award of its reasonable attorneys' fees and costs.

Dated this 17th day of August, 2015.

Respectfully submitted,

Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Insurance Company

By: */s/ Jeffrey C. Clark*
   One of their attorneys

**GODFREY & KAHN S.C.**
Todd G. Smith
tsmith@gklaw.com
Mark W. Hancock
mhancock@gklaw.com
One East Main Street
Suite 500
Madison, WI 53701-2719
P: 608-257-3911
F: 608-257-0609

**MCGUIREWOODS LLP**
Jeffrey C. Clark
jclark@mcguirewoods.com
Brett W. Barnett
bbarnett@mcguirewoods.com
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
P: 312-849-8123
F: 312-698-4538