UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS AUTHORITY,

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,
AETNA HEALTH AND LIFE INSURANCE
COMPANY, AETNA HEALTH INSURANCE
COMPANY, and DOES 1-4.

        Defendants.

Case No.: 3:14-CV-779

### DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

Defendants Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Insurance Company (collectively "Aetna"), by their undersigned counsel, hereby submit this Notice of Additional Authority in support of their Motion for Summary Judgment against University of Wisconsin Hospitals and Clinics Authority ("Plaintiff"), and state as follows:

### ANALYSIS

In Aetna's opening and reply briefs in support of their Motion for Summary Judgment, Defendants set forth that Plaintiff lacks beneficiary standing under the Employee Retirement Income Security Act ("ERISA") because Plaintiff lacks a valid assignment from K.B. (Docket # 27 at 5-8; Docket # 37 at 3-6). As Aetna explained in their briefs, the Seventh Circuit and its district courts have repeatedly made clear that a healthcare provider must establish an assignment that comports with the plan in order to have beneficiary standing under ERISA. (*Id.* (citing

*Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 701 (7th Cir. 1991)). Two new decisions have recently been issued that bear directly on this issue.

On October 1, 2015, the Seventh Circuit issued its opinion in *Penn. Chiropractic Ass'n v. Independence Hosp. Indem. Plan, Inc.*, 802 F.3d 926 (7th Cir. 2015).[1] In *Penn Chiropractic*, the plaintiffs—a group of network medical providers—argued that they had standing under ERISA despite not having valid assignments from plan participants. In rejecting the plaintiffs' argument, the Seventh Circuit reaffirmed the principles established in *Kennedy* and explained that "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder" and "that when a 'participant' assigns to a medical provider the right to receive the participant's entitlement under the plan, this makes the provider a 'beneficiary'" under ERISA. *Id.* at 928 (internal citation and quotation omitted). Because the plaintiffs did "not rely on a valid assignment from any patient" and could not "rely on a designation in a plan" stating that they were beneficiaries, the Seventh Circuit held that the plaintiffs lacked standing under ERISA. *Id.*

Furthermore, in *Univ. of Wis. Hosps. & Clinics Auth. v. Kay Kay Realty Corp. Flexible Benefit Plan*, No. 14-cv-240, slip. op. (W.D. Wis. December 15, 2015), this Court rejected the same argument advanced by Plaintiff in this dispute, holding that the plan's anti-assignment clause precluded plaintiff from having beneficiary standing under ERISA.[2] In granting summary judgment in favor of defendants, this Court rejected plaintiff's argument that it had standing because of a direct payment provision contained in the plan, reasoning that "[t]his language is inadequate as a designation that plaintiff is entitled to benefits under the pan. It simply informs plan participants that when they receive services from a network provider, they are not required

---

[1] A copy of the Seventh Circuit's opinion is attached hereto as Exhibit A.
[2] A copy of the Western District of Wisconsin's slip opinion is attached hereto as Exhibit B.

to prepare and submit an insurance claim because the provider's payment is handled under the separate provider contracts between defendant and its network of providers." *Id.*

Because *Penn. Chiropractic* and *Univ. of Wis. Hosps. & Clinics Auth.* further establish that Plaintiff lacks standing under ERISA, Defendants respectfully request that this Court enter an order granting summary judgment in their favor in its entirety, and awarding Defendants such other and further relief that this Court deems just and equitable, including, but not limited to, an award of their reasonable attorneys' fees and costs.

Dated this 15th day of December 2015.   Respectfully submitted,

Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Insurance Company

By: */s/ Jeffrey C. Clark*_____
     One of their attorneys

**GODFREY & KAHN S.C.**  
Todd G. Smith  
tsmith@gklaw.com  
Mark W. Hancock  
mhancock@gklaw.com  
One East Main Street  
Suite 500  
Madison, WI 53701-2719  
P: 608-257-3911  
F: 608-257-0609  

**MCGUIREWOODS LLP**  
Jeffrey C. Clark  
jclark@mcguirewoods.com  
Brett W. Barnett  
bbarnett@mcguirewoods.com  
77 West Wacker Drive  
Suite 4100  
Chicago, IL 60601-1818  
P: 312-849-8123  
F: 312-698-4538