IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                    Plaintiff,                    OPINION AND ORDER

   v.

                                             14-cv-779-wmc

AETNA LIFE INSURANCE COMPANY,
AETNA HEALTH AND LIFE INSURANCE
COMPANY, AETNA HEALTH INSURANCE
COMPANY and DOES 1-4

                    Defendants.

---

In this civil action, plaintiff University of Wisconsin Hospitals and Clinics Authority ("UWHCA") challenges a decision denying its claim for payment of medical services issued by defendants Aetna Life Insurance Company, Aetna Health and Life Insurance Company and Aetna Health Insurance Company (collectively, "Aetna"). Plaintiff originally brought this case in state court, asserting various contract claims, which defendants properly removed on the basis that plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Before the court are the parties' cross-motions for summary judgment. There is no dispute that the employee welfare benefit plan (the "Plan") from which plaintiff derives its ERISA claims prohibits assignment without Aetna's written consent. Moreover, it is undisputed that Aetna never gave its written consent. Therefore, plaintiff does not

qualify as a participant or beneficiary under ERISA and the court must grant summary judgment to defendants.

UNDISPUTED FACTS[*]

A. **The Plan**

At all times relevant to this lawsuit, Kelly Buckingham was insured under an employee group health insurance plan sponsored by her husband's employer, Transcat, Inc., and governed by ERISA. Plaintiff brings its ERISA claims as the putative assignee of Buckingham's rights under the Plan. (Aff. of Nicole N. Schrier Ex. A (dkt. #38-1).)

Material to this motion, the Plan provides that "[c]overage may be assigned only with the written consent of Aetna." (Defs.' Reply PFOF (dkt. #40) ¶15 (emphasis omitted).) It is undisputed that Aetna never gave written consent to Buckingham's assignment. (Pl.'s Resp. PFOF (dkt. #37) ¶4.)

B. **The Denial of Plaintiff's Claim**

Plaintiff operates a hospital in Dane County where Kelly Buckingham received medical treatment for complications arising from a surgery for which she had only been discharged less than a week before. UWHCA attempted to precertify the follow-up treatment with Aetna, which serves as the administrator of the employee health plan under which Buckingham was eligible to receive coverage. Aetna, however, denied plaintiff's request for precertification, stating that it was a "possible duplicate request"

---

[*] The following undisputed facts are derived from the parties' submissions on summary judgment.

and directing UWHCA to "please call Aetna for any readmissions within 7 days of previous inpatient stay."

Receiving no call from UWHCA, Aetna issued a notice indicating that it was denying payment on UWHCA's claim. The notice explained that the denial was "due to failure to follow contractual notification requirements."

After issuing the denial, Aetna apparently inadvertently paid UWHCA for the medical services it provided to Buckingham. Three days later, Aetna sent a letter to UWHCA requesting a refund. Despite UWHCA's appeal from the denial of benefits, Aetna ultimately upheld its original decision denying benefits after multiple internal appeals.

OPINION

I. **ERISA Preemption**

Plaintiff originally filed this lawsuit in the Wisconsin Circuit Court for Dane County, asserting five state law claims arising from Aetna's denial of payment for medical services. After removing the case on the basis that plaintiff's state law claims were completely preempted by ERISA, defendants filed a motion to dismiss. Confirming at brief oral argument that defendants' sole purpose for filing the motion was to establish that ERISA controlled the case, the court denied that motion. (Dkt. #20.)

In their motion for summary judgment, defendants again argue that plaintiff is precluded from pursuing its claims by ERISA preemption, but they have already won that argument as far as it goes. Plaintiff is no longer pressing any state law claims and

concedes that ERISA controls this case. (Pl.'s Resp. Br. (dkt. #30) 1.) The only remaining claim is plaintiff's challenge to Aetna's denial of payment as governed by ERISA. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005) (instructing district courts to consider "whether relief is possible under any set of facts that could be established consistent with the allegations," rather than "whether the complaint points to the appropriate statute").

## II. Plaintiff's Standing Under ERISA

Before turning to the merits of Aetna's denial, however, the court must decide whether UWHCA may bring its claims under ERISA. Civil actions to recover benefits may be brought under ERISA by a "participant or beneficiary." 29 U.S.C. § 1132(a)(1)(B). As a result, a medical provider like plaintiff can bring claims under ERISA only as a beneficiary suing "as the assignee of a participant." *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). In order to ultimately collect benefits, however, an assignee must "establish[] that the assignment comports with the plan." *Id.*

In their motion for summary judgment, defendants argue that plaintiff may not proceed on its ERISA claims because the Plan states that "[c]overage may be assigned only with the written consent of Aetna," which it did not give. Plaintiff does not dispute these facts. Instead, it cites several cases from district courts in this circuit that support its "ability to receive direct payment under the terms of the Plan . . . regardless of an assignment of claims." (Pl.'s Resp. Br. (dkt. #30) 3.) In reply, defendants cite several

4

other district court cases in this circuit rejecting "[p]laintiff's argument that it can bring an ERISA claim notwithstanding the Plan's anti-assignment clause." (Defs.' Reply Br. (dkt. #39) 5.)

This court recently discussed the apparent split in authority on a health care provider's standing to sue an insurer directly for payment of services provided its insured, while addressing a similar, but not identical, standing argument in another ERISA case involving the same parties (and the same attorneys). Consistent with the Seventh Circuit's decision in *Kennedy* and overwhelming authority from other circuits holding that anti-assignment clauses in ERISA employee welfare benefit plans are enforceable,[1] this court concluded that dismissal was necessary because the plan unambiguously prohibited an assignment even when the plan otherwise allowed for direct payment to a medical provider. *See Univ. of Wis. Hosps. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 15-cv-240-wmc, slip op. at *7-9 (W.D. Wis. Nov. 2, 2015) (dkt. #11).

With respect to determining whether a plaintiff has standing under ERISA at the motion to dismiss stage, the Seventh Circuit distinguishes between ERISA plans where the language is "so clear that any claim as an assignee must be frivolous" and those where questions remain regarding whether the defendant properly withheld assent to assignment. *Kennedy,* 924 F.2d at 700-01. Though defendants did not address this distinction in briefing their motion to dismiss -- unlike in the No. 15-cv-240-wmc case --

---

[1] In addition to the Seventh Circuit decision in *Kennedy*, the First, Fifth, Ninth, Tenth and Eleventh Circuits have all held that a clause prohibiting assignment without the insurer's consent *is* enforceable under ERISA. *Univ. of Wis. Hosps. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 15-cv-240-wmc, slip op. at *8 (W.D. Wis. Nov. 2, 2015) (dkt. #11).

dismissal at the pleading stage was not appropriate here because: (1) the Plan permits assignment, albeit only with the consent of Aetna; and (2) the Plan further provides for direct payment to medical providers. As the Seventh Circuit explained in *Kennedy*, the question of whether the insurance company properly withheld consent to assignment is a merits question rather than a jurisdictional one. *Id.* at 701.

Now, at summary judgment, it is undisputed that Aetna did *not* give written consent to plaintiff's assignment as required by the Plan. Accordingly, plaintiff's continued argument that it has standing under ERISA because the Plan allows for direct payment to medical providers rings hollow. *Kennedy* merely recognizes that the *possibility* of direct payment may be enough to make a claim colorable for the purpose of establishing subject matter jurisdiction at the motion to dismiss stage. *Id.* at 700-01. It does not hold out the *possibility* of direct payment overriding an otherwise valid and unambiguous anti-assignment clause and, in fact, instructs the court to "strictly enforce the terms of [ERISA] plans." *Id.* at 700.

Since plaintiff makes no other argument challenging the validity of the anti-assignment clause or Aetna's ability to enforce that clause, the court cannot reach the merits of plaintiff's claims for coverage. *Id.*

### III. Attorney's Fees and Costs

Having found in favor of defendants on the merits, the court must address their claim for fees and costs under ERISA's fee-shifting provision. *See Hardt v. Reliance*

*Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (authorizing a court to award fees under ERISA when a party has shown "some degree of success on the merits").

The Seventh Circuit has recognized two tests for analyzing whether a party deserves fees and costs after it succeeds on the merits. *See Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 505-06 (7th Cir. 2011). Under the first test, the court analyzes:

> 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions.

*Id*. Under the second test, the court asks "whether or not the losing party's position was substantially justified." *Id.* at 506 (internal quotation marks omitted). Ultimately, both tests seek to answer whether the losing party meant to harass the opposing party or had a position that was "substantially justified and taken in good faith." *Id*.

Answering the central question of whether plaintiff's position was substantially justified, the court finds that an award of fees and costs is not appropriate in this case. Plaintiff's asserted claims were at least arguable in light of the cases from within this circuit that suggest medical providers may have standing to bring ERISA claims when a plan provides for the possibility of direct payment. In this case and the recent one involving a similar anti-assignment clause issue, the court has explained why those cases are inapplicable. At the time plaintiff responded to defendants' standing arguments in

7

this case, however, it was at least arguably unclear that the cases plaintiff cited would not support its position.

Defendants exacerbated this uncertainty by failing to identify the distinction discussed in *Kennedy* in their briefing on the motion to dismiss. Then defendants cited the same cases as plaintiff did at the motion for summary judgment stage to support their assertion that "courts in this circuit have found that a medical provider can obtain beneficiary status where the terms of the insurance plan allow it to receive direct payment." (Defs.' Opening Br. (dkt. #12) 5-6.) This, too, supports a finding that plaintiff's position was defensible. While the court does not mean to suggest that defendants flipped their position regarding plaintiff's standing as a beneficiary for an improper reason, as opposed to an oversight in reading *Kennedy,* both sides should be more careful about representing the facts and the state of the law going forward.[2]

Defendants have offered no reason to find that plaintiff failed to assert its claims in good faith, at least at the time made. While they point out that plaintiff has filed multiple lawsuits against Aetna in the past year, that alone does not warrant shifting as a deterrent, absent some stronger indication of plaintiff's bad faith in doing so. That being said, any continued insistence by plaintiff of its standing as a "beneficiary" under ERISA in the face of an unambiguous anti-assignment clause in the relevant plan may not be similarly justified in the future without any colorable argument that its assignment should be considered valid.

---

[2] For example, plaintiff stated in its brief in opposition to the motion to dismiss that UWHCA did not have an assignment despite the assignment appearing to predate plaintiff's filing of its original complaint.

ORDER

IT IS ORDERED that:

1) Defendants Aetna Life Insurance Company, Aetna Health and Life Insurance Company and Aetna Health Insurance Company's motion for summary judgment (dkt. #26) is GRANTED IN PART and DENIED IN PART, consistent with this opinion.

2) Plaintiff University of Wisconsin Hospital and Clinics Authority's motion for summary judgment (dkt. #22) is DENIED.

3) The clerk of court is directed to close this case.

Entered this 25th day of January, 2016.

                BY THE COURT:

                /s/
                _____
                WILLIAM M. CONLEY
                District Judge